UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

COLLEEN DECAMBALIZA, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                                               Case No. 13-cv-286-bbc

QBE HOLDINGS, INC.; QBE INSURANCE
CORPORATION; QBE FINANCIAL
INSTITUTIONAL RISK SERVICES, INC.;
BANK OF AMERICA CORPORATION; BANK
OF AMERICA, N.A.; BAC HOME LOANS
SERVICING, LP; BANC OF AMERICA
INSURANCE SERVICES, INC.; BALBOA
INSURANCE COMPANY; MERITPLAN
INSURANCE COMPANY; and NEWPORT
MANAGEMENT CORPORATION,

    Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is entered into by the parties to the above-captioned action (the "Action"). The Defendants believe that discovery in this action will include requests for confidential, proprietary, and trade secret information, and information protected by privacy rights, and that a protective order therefore is necessary to protect such sensitive information from disclosure.

This Protective Order is intended to protect from disclosure documents and information that may contain confidential financial information, proprietary information, and/or trade secrets and that are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Documents and information so designated only may be disclosed or used as further provided herein. Nothing herein is intended to affect the relevance, discoverability, or admissibility into

evidence of any documents or information produced during discovery in the Action. Pursuant to Rule 26(c), it is hereby stipulated and agreed by and between all parties to the Action, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this Action. It is hereby

STIPULATED, AGREED, AND ORDERED:

1. Any party in this Action or any third party to whom a subpoena is issued in this Action ("Producing Party") shall have the right to designate any material it produces (including, but not limited to, exhibits, documents and things, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as "confidential" if the material contains information that is proprietary or sensitive to the Producing Party and is not otherwise in the public domain, which includes, pursuant to Rule 26(c): trade secrets; other confidential research, development, or commercial information; proprietary business information; financial documents and information, such as forecasts, records of sales and profits, records of costs of production, and records of costs of labor; sensitive personal information, such as individuals' social security numbers; and account numbers and passwords. As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Confidential Information." Any use of any such Confidential Information shall be covered by the provisions of this Protective Order.

2. A Producing Party may designate documents containing Confidential Information by stamping or otherwise clearly marking the same as "CONFIDENTIAL," or by

otherwise notifying the parties to the Action that materials are to be treated as Confidential Information (e.g., if a Producing Party produces document(s) in native form such that they cannot be clearly marked "CONFIDENTIAL" or if a Producing Party inadvertently produces document(s) without a "CONFIDENTIAL" stamp, the Producing Party may subsequently notify receiving persons that any such documents are produced as Confidential Information under this Protective Order).

3. Any party or any third party to whom a subpoena for testimony is issued in this Action may designate portions of a deposition as containing Confidential Information by so indicating on the record during such deposition or by providing written notice within thirty (30) days after receiving the deposition transcript from the court reporter. During any deposition that includes testimony designated as Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition. In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any party or counsel for any third party to whom the subpoena for testimony was issued may designate a portion or all of the transcript as Confidential Information in writing to all counsel. Any party or third party designating portion(s) of a deposition or deposition transcript as Confidential Information under this paragraph shall be treated as a Producing Party for purposes of this Protective Order with respect to the portion(s) of a deposition or deposition transcript so designated. In the event that a portion of a deposition transcript is designated as confidential, the designating party must specify the exact pages and line numbers designated.

4. Any person receiving Confidential Information ("Receiving Party") shall use such Confidential Information only for the purposes of this Action. A Receiving Party shall not use Confidential Information in any other litigation, or for any business or other purpose whatsoever. Notwithstanding this provision, a Producing Party may make use of its own Confidential Information in any way it deems fit.

5. Confidential Information shall not be disclosed to any person except:

   (i) the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the Action;

   (ii) outside counsel of record for the parties to this Action, and employees of their respective firms;

   (iii) the Court and its personnel, and any mediator;

   (iv) witnesses and persons either noticed to testify via deposition or subpoenaed to testify at trial;

   (v) persons identified on the face of any Confidential Information as authors or prior recipients of the Confidential Information;

   (vi) copying, document storage or imaging services, outside vendors, and court reporters associated with or retained by a party in connection with this Action;

   (vii) any experts and their staff with whom counsel may deem it necessary to consult in connection with this Action ("Outside Experts"); and

   (viii) any other person agreed to by the parties in writing.

6. Before an Outside Expert may receive any Confidential Information, he or she must have read a copy of this Protective Order and signed an undertaking in the form attached

4

as Exhibit A hereto. Counsel of record for the party that has retained an Outside Expert must retain a copy of the Outside Expert's signed undertaking until the conclusion of this Action.

7. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing party shall move to have such pleading, motion, or other paper sealed by the Clerk pursuant to the terms and requirements of Rule 26, provided that if a party files under seal any document disclosing Confidential Information under this Protective Order, the party seeking to preserve the secrecy of any such document must make the showing required pursuant to Rule 26 in order to maintain the Protective Order as to such document. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. In the event that the party filing a pleading, motion, or other paper under seal is not also the same party seeking to preserve the secrecy of the document, the pleading motion or other paper initially shall be filed under seal, and the party seeking to preserve the secrecy of the document shall have ten (10) business days from the date the pleading, motion, or other paper is filed in which to make the showing required pursuant to Rule 26 in order to maintain the Protective Order as to such document.

8. A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 5 of this Protective Order.

9. A Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Information.

10. In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) business days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request also must immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate protective order in the action in which the subpoena was issued.

11. In the event Confidential Information inadvertently is disclosed to a third party other than those identified in paragraph 5 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the inadvertent disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

12. Within 60 days after the conclusion of this Action (including any appeal thereof), any Confidential Information shall be returned to the Producing Party or destroyed. If such documents and information are destroyed rather than returned, counsel for any Receiving Party must confirm destruction of the documents and information in writing to the Producing Party.

This paragraph does not apply to pleadings, draft pleadings, or exhibits thereto created by attorneys in conjunction with this litigation that quote from or refer to Confidential

6

Information. This paragraph also does not apply to Confidential Information that may be contained in attorney work product on backup servers, if return or destruction of such material would be unduly burdensome. As far as the provisions of this or any other Protective Orders entered in this Action restrict the use of Confidential Information, such Protective Orders shall continue to be binding after the conclusion of this Action.

13. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right thereafter to designate such information as confidential prior to trial. In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Protective Order.

14. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

15. This Protective Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information. If such a dispute arises, the party challenging the designation shall serve written notice of the challenge upon the Producing Party, specifying the Confidential Information being challenged and the reasons supporting the challenge. The Producing Party will have seven (7) business days to respond in writing. The parties shall attempt to further resolve any such dispute informally before filing any motion with the Court. Pending resolution by the parties or by the Court

regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such.

16. If a Producing Party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or Parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the alleged privileged material, and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents. Within five (5) business days of receiving such notice, the Receiving Party shall return to the Producing Party such material and all copies thereof. Within three (3) business days after receiving the return of the alleged privileged material, the Producing Party will produce a privilege log specific to such documents to the Receiving Party. The Receiving Party thereafter may move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, and if the Receiving Party so moves the Court, the Producing Party shall provide the Court with one copy of the allegedly privileged material for in camera review in connection with such a motion. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

Dated: August 12, 2013

Respectfully Submitted,

By:/s/ Kara A. Elgersma  
Kara A. Elgersma, Esq.  
KAE@wexlerwallace.com

By:/s/ Kendall Harrison  
Kendall Harrison  
kharriso@gklaw.com

Edward A. Wallace, Esq.
EAW@wexlerwallace.com
**Wexler Wallace LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Charles J. Crueger, Esq.
ccrueger@hrdclaw.com
Erin K. Dickinson, Esq.
edickinson@hrdclaw.com
**Hansen Reynolds Dickinson Crueger LLC**
316 N. Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
Facsimile: (414) 273-8476

Gregory F. Coleman, Esq.
greg@gregcolemanlaw.com
Mark Silvey, Esq.
mark@gregcolemanlaw.com
**Greg Coleman Law PC**
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

*Attorneys for Plaintiff*

**Godfrey & Kahn S.C.**
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Robyn C. Quattrone
rquattrone@buckleysandler.com
Amanda M. Raines
araines@buckleysandler.com
Stephen M. LeBlanc
sleblanc@buckleysandler.com
Leslie Meredith
lmeredith@buckleysandler.com
**BuckleySandler LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

*Attorneys for QBE Holdings, Inc., QBE Insurance Corporation, QBE Financial Institutional Risk Services, Inc., Balboa Insurance Company, Meritplan Insurance Company, and Newport Management Corporation*

By:/s/ Andrew M. Batchelor
Matthew G. Lindenbaum
mlindenbaum@goodwinprocter.com
Andrew M. Batchelor
abatchelor@goodwinprocter.com
**Goodwin Procter LLP**
Exchange Place
Boston, MA 02109
Telephone: (617) 570-3937
Facsimile: (617) 321-4353

David L. Permut
dpermut@goodwinprocter.com
**Goodwin Procter LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

Richard H. Porter
Richard_Porter@gshllp.com
**Gonzalez Saggio & Harlan LLP**
111 E. Wisconsin Ave., Suite 1000
Milwaukee, Wisconsin 53202
Telephone: (414) 277-8500
Facsimile: (414) 277-8521

*Attorneys for Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Banc of America Insurance Services, Inc.*

**SIGNED AND ENTERED** this 12TH day of AUGUST, 2013.

/s/ Stephen L. Crocker

**Honorable Stephen L. Crocker
UNITED STATES MAGISTRATE JUDGE**

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

COLLEEN DECAMBALIZA, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.                                                         Case No. 13-cv-286-bbc

QBE HOLDINGS, INC.; QBE INSURANCE
CORPORATION; QBE FINANCIAL
INSTITUTIONAL RISK SERVICES, INC.;
BANK OF AMERICA CORPORATION; BANK
OF AMERICA, N.A.; BAC HOME LOANS
SERVICING, LP; BANC OF AMERICA
INSURANCE SERVICES, INC.; BALBOA
INSURANCE COMPANY; MERITPLAN
INSURANCE COMPANY; and NEWPORT
MANAGEMENT CORPORATION,

      Defendants.
_____/

### DECLARATION AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, hereby declare under penalty of perjury and state as follows:

My address is_____. My current employer is___

_____. My current occupation is_____.

I have received a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order. I will comply with all the provisions of the Protective Order. I will hold any information designated "CONFIDENTIAL" in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this action only.

Promptly upon termination of this action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained, or certify that I have destroyed such documents and information.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Dated: _____

_____     _____
Signature                                            Printed Name